Chin, Circuit Judge, concurring:
I concur in the majority's decision to affirm the denial of the motion to retransfer, and agree that the case should be remanded for further proceedings.
I am not persuaded, on the present record, that Indiana had specific personal jurisdiction over Bank of America. Bank of America's contacts with respect to the relevant contracts were in New York only. The MLPA and PSA were negotiated, drafted, and executed in New York, and include New York choice-of-law clauses. Bank of America is subject to personal jurisdiction in Indiana, if at all, only because it is a successor-by-merger to LaSalle. While a successor-by-merger is "subject to all the liabilities of the acquired compan[y]," James D. Cox & Thomas Lee Hazen, 4 Treatise of the Law of Corporations § 22:8 (3d ed.), it is not always the case that an acquired company's jurisdictional contacts can be imputed to the successor-by-merger. Even though Bank of America is liable on the agreements, that does not mean that Bank of America is necessarily subject to suit in Indiana because of LaSalle's jurisdictional contacts. Compare BRG Corp. v. Chevron U.S.A., Inc ., 163 A.D.3d 1495, 82 N.Y.S.3d 798, 799 (App. Div. 4th Dep't 2018) ("The successor liability rule[s] deal with the concept of tort liability, not jurisdiction. When and if [successor liability] is found applicable, the corporate successor would be subject to liability for the torts of its predecessor in any forum having in personam jurisdiction over the successor, but the [successor liability rules] do not and cannot confer such jurisdiction over the successor in the first instance." (alteration in original) (internal quotation marks omitted) ), with Purdue Research Found. v. Sanofi-Synthelabo, S.A ., 338 F.3d 773, 783 (7th Cir. 2003) (recognizing a predecessor's jurisdictional contacts may be imputed to a successor corporation where the successor corporation is a mere continuation of the predecessor or where the forum's successor liability laws would hold the successor liable for the predecessor's actions).
I do not believe, on the record before us, that it is clear that Indiana has specific personal jurisdiction over Bank of America. I would, therefore, leave the question of personal jurisdiction to the district court in the first instance to decide after it determines the choice of law question. See 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1069.4 (4th ed. April 2018 Update) ("[S]pecial problems are presented when [personal] jurisdiction over a defendant is justified by a related entity's contacts with the forum .... The very nature of these often difficult issues makes their resolution extremely fact dependent.").
Accordingly, I would remand for the district court to resolve the question of specific personal jurisdiction, in addition to *160 the choice-of-law and statute of limitations issues.